IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KELVIN SMITH,

        Petitioner,

v.                                                                  Civil Action No. 2:14cv78
                                                                     (Judge Bailey)

ISAAC FULWOOD, JR., Chairman,
United States Parole Commission, and
R.A. PERDUE, Warden,

        Respondents.

**ORDER STRIKING PETITIONER'S COURT-APPROVED FORM PETITION AND MEMORANDA IN SUPPORT, AND DIRECTING PETITIONER TO RE-FILE BOTH, IN COMPLIANCE WITH THE LOCAL RULES OF PRISONER LITIGATION PROCEDURE, AND LIMITING THE FILING OF ANY MEMORANDUM IN SUPPORT TO NO MORE THAN TEN PAGES, ACCOMPANIED BY A MOTION TO EXCEED THE PAGE LIMIT**

This case was initiated by the *pro se* petitioner on October 7, 2014, upon the filing of a petition for habeas corpus pursuant to 28 U.S.C. § 2241 on a Court-approved form, along with two[1] attached typewritten, memoranda in support, one comprising fourteen pages, and the other, fifteen. (Dkt.# 1-1 and 1-2). Excluding the ten-page court approved form and its cover letter, the supporting memoranda and other attachments to the petition comprise 124 pages.

In this case, the petitioner has in effect submitted 29 type-written pages of memorandum attached to his court-approved form §2241 petition, without leave of Court.

Further, in direct contravention of LR PL P 3.4.2, which provides in pertinent part that "[e]very section of the form must be fully completed and all information required by the form must be included," petitioner's court-approved form is only minimally-completed; in each place provided for "supporting facts," petitioner merely typed "See Appendix," instead of utilizing the space provided. The undersigned notes that petitioner could have used the space provided in the form to

---

[1] The first appears to be a non-court-approved form typewritten version of a §2241 petition. Dkt.# 1-1.

address his claims, and then expanded on that, if necessary, in a memorandum in support, which would have eliminated much of the need for excess pages.

Moreover, pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 3.4.4 no more than five (5) typewritten pages may be attached to any Court-approved form. Here, petitioner's combined memoranda, filed without leave, exceed that page limit by 24 pages. Although a judicial officer for good cause shown may allow a memorandum to exceed five (5) type-written pages, here, the respondent has not filed a motion seeking leave to exceed the page limitation, and therefore, there is no basis for this court to find good cause to exceed the limitation. Local Rule of Prisoner Litigation Procedure 3.4.7 states that "[p]etitions, motions, applications, and complaints which do not comply with this Rule and which are not corrected after notice will be stricken by the Court." Further, LR PL P "[f]ailure to comply with the page limitations set forth in these Rules will result in the entire document being stricken from the docket and returned to the prisoner upon Court Order."

Accordingly, pursuant to LR PL 3.4.7, 3.4.7, and 11.6, petitioner's court-approved form §2241 petition (Dkt.# 1) and his two Memorandum in Support of his §2241 Application (Dkt.# 1-1 and 1-2) are **ORDERED** stricken from the record and returned to the petitioner.

The Clerk of Court is directed to seal said court-approved form petition (Dkt.# 1) and its two memoranda (Dkt.# 1-1 and 1-2) to prevent their viewing by other than Court personnel.

This is not an opportunity for petitioner to modify his arguments. **The petitioner is advised that he will not be permitted to merely re-file the same over-length documents along with a motion to exceed the page limits**. The Court requires that petitioner condense his memoranda into more concise format that complies with the rules of this Court. **Petitioner may re-file his fully-completed court-approved form petition, along with any memorandum in support, limiting the total number of pages of the memorandum to no more than ten, within fourteen days, or by October 22, 2014.**

Upon the refiling of a properly-completed court-approved form §2241 petition and a more reasonably-sized memorandum in support, accompanied by the filing of a proper motion to exceed the page limits by petitioner, the Court will consider the propriety of allowing the petitioner to exceed the page limitation.

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* petitioner via certified mail, return receipt requested, at his last known address as reflected on the docket.

The Clerk is further directed to send the petitioner another copy of a court-approved form §2241 petition to complete.

DATED: October 8, 2014

    /s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE